MRS. B. MORTON ET AL V. BURTON-LINGO COMPANY.

No. 7597.   Decided April 9, 1941.
Rehearing Overruled April 30, 1941.
(150 S. W., 2d Series, 239.)

264

*Scarborough & Fly* and *Edmund C. Yates,* all of Abilene, for plaintiff in error.

The petition was good as against a general demurrer. Garza v. Kennedy, 299 S. W. 231; Hovencamp v. Union Stock Yards, 107 Texas 421, 180 S. W. 225.

*Smith & Eplen,* of Abilene, for defendant in error.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

This is a suit brought by Mrs. B. Morton and others to recover damages for the death of E. H. Morton, deceased, against Burton-Lingo Lumber Company. Judgment in favor of Mrs. Morton et al was reversed and the cause remanded by the Eastland Court of Civil Appeals. 126 S. W. (2d) 727. This court granted a writ of error.

The Honorable Court of Civil Appeals sustained a general demurrer of the Burton-Lingo Lumber Company to the trial pleadings of Mrs. Morton et al. In granting the writ this Court entertained the opinion that the pleading was good as against a general demurrer. A full statement of the pleadings is contained in the opinion of the Court of Civil Appeals. In passing upon a general demurrer every reasonable intendment arising upon the pleadings excepted to shall be indulged in favor of its sufficiency. Rule 17 governing procedure in District and County Courts. Applying that rule to the pleadings in review, we are of the opinion that Mrs. Morton stated a good cause of action on the theory that:

"A building consisting of a number of different apartments is divided among several tenants, each one of whom takes a distinct portion and none of them rent the entire building; the rule must then be applied so as to make each tenant responsible only for so much as his lease includes, *leaving the landlord liable for every part of the building not included in the actual holding of any one tenant.*" O'Connor v. Andrews, 81 Texas 28, 16 S. W. 628-629. (Our italics).

It is true that the pleading excepted to may be vulnerable to many special exceptions, but none were urged. Under the every reasonable intendment doctrine the authorities cited by the Court of Civil Appeals (Loc. Cit. 732, 126 S. W. (2d)) sustain the view that a good cause of action was stated.

The Honorable Court of Civil Appeals held the following argument made by one of the counsel was reversible error:

"There is some old rotten lumber which is down under the

bottom. Burton-Lingo Lumber Company, it appears, the defendant, has gone there sometime or other and painted over that old rotten timber, evidently knowing at the time they did that it was rotten, because there it was and it might look pretty to somebody who might not have known it all the time and had not known they had covered it up with a little paint. That is the situation."

Upon objection made by the lumber company it was sustained by the trial court and the jury was instructed not to consider the argument for any purpose. After the instruction by the court the lumber company insisted that there was no evidence that the lumber company had painted over the rotten timbers and that the argument constituted reversible error, notwithstanding the trial court's instruction. The bill of exception presenting this matter was qualified by the trial judge as follows:

"The plaintiff had offered in evidence the wood that was in the platform. The wood was very rotten. Defendant had offered in evidence some pictures of the platform. The plaintiff's attorney was discussing and holding up in his hand what the defendant had offered in evidence and was talking about what the picture showed on its face when the objections were made."

We are of the opinion that the argument as presented by the bill of exception does not present reversible error.

We are in accord with the Honorable Court of Civil Appeals in its holding that the evidence presented by Mrs. Morton does not support a cause of action against the lumber company. E. H. Morton was a subtenant of Roy Lynch. "The rule in this State and most of the other states seems to be that where there is no agreement by the landlord to repair the demised premises and he is not guilty of any fraud or concealment by failing to disclose hidden defects of which he has knowledge, the tenant takes the risk of their safety and the landlord is not liable to him or to any person entering under his title or by his invitation for injury caused by reason of their unsafe condition." 27 Tex. Jur. p. 354, Sec. 209; Churchwell v. Pure Oil Pipe Line Company, 289 S. W. 196; Perez v. Raybaud, 76 Texas 191, 13 S. W. 177, 7 L. R. A. 620. E. H. Morton, the subtenant, entered the premises under the title of the tenant Roy Lynch, and, as was stated by the Court of Civil Appeals, "The general rule is that a subtenant is to be regarded as so far identified with the tenant that his right to recover is no greater as against the landlord than the tenant's right would have been had the accident happened to him." 36 C. J., p. 228, Sec. 918. A subtenant,

according to the same authority, is not deemed to be one of the general public so as to have a right of action against the original landlord when the general public's right would be greater than that of the tenant. Id.

"The evidence taken most strongly in favor of Mrs. Morton shows no liability under the law as above set forth."

■ As above stated, the evidence shows that Mrs. Lynch, acting for herself and husband, rented the entire apartment without any agreement whatever as to who was obligated to make the repairs. Under such a state of facts the law of this State is that "The lessor is not bound to make repairs or to pay for repairs that may have been made by the lessee. It is said: 'The mere relation of landlord and tenant creates no obligation on the part of the landlord to repair or keep in repair the leased premises as he finds them.' Hence, a statement in a lease to the effect that repairs on the property shall be at the expense of the lessee is merely declaratory of the law." 27 Tex. Jur. p. 250, Sec. 141.

It is shown without dispute that the Mortons made their lease contract with the Lynches. It follows, therefore, that they stand in the same relation to Burton-Lingo Lumber Company as Mr. and Mrs. Lynch. The record as presented shows no knowledge on the part of Burton-Lingo Lumber Company of any hidden defect. Therefore, the owner of the building cannot be held guilty of any fraud or concealment by failing to disclose a defect of which it had no knowledge. It is true the evidence discloses that some repairs were made to the apartment during the tenancy of Lynch by the owner, but none were made to the stairs and porch where the injury occurred. This cannot alter the situation for the reason that "when repairs are gratuitously made by the landlord, such fact is not an admission of liability on the part of the landlord to make repairs generally and keep the premises in repair." 36 C. J. p. 232; F. H. Vahlsing v. Hartford Fire Insurance Co., (Tex. Civ. App.) 108 S. W. (2d) 947.

We also agree with the Court of Civil Appeals that there was no evidence of any reservation of any part of the upper story of the building to which the stairway and porch were necessary and that under the undisputed evidence the stairway and porch were not reserved by the landlord for the use of several different tenants in going in and out of the apartment.

It may be admitted that the owner of the building rented the entire apartment to Lynch with the knowledge that Lynch would sublet one or two of the rooms to other parties, but

this would not change the lease contract between the owner and Lynch. In the absence of a covenant to repair on the part of the landlord, he is not liable unless guilty of fraud or concealment by failing to disclose hidden defects of which the landlord has knowledge. The real basis of liability under any theory of recovery is predicated upon a legal duty and the default of such legal duty. So unless the owner of the building is guilty of concealing hidden defects of which he has knowledge or obligates himself to repair or reserves unto himself the control of a part of the building and thereby continues his own liability to make repairs, he cannot be held liable for injuries caused by the unsafe condition of the premises.

The evidence failing to raise an issue of Burton-Lingo Lumber Company's liability, it follows that the judgment of the Court of Civil Appeals which reversed the judgment of the district court and remanded the cause must be affirmed.

Opinion adopted by the Supreme Court April 9, 1941.

Rehearing overruled April 30, 1941.