Walter C. JOHNSON, Appellant,

v.

L. PETTY, Appellee.

No. 6592.

Court of Civil Appeals of Texas.

Amarillo.

April 16, 1956.

Allen Harp, Childress, for appellant.

W. T. Link, Clarendon, for appellee.

PITTS, Chief Justice.

This is an appeal from the trial court's judgment sustaining a certain special exception of appellee to appellant's pleadings and dismissing the action after appellant refused to amend his pleadings. Appellant, Walter C. Johnson, sued appellee, L. Petty, for general and special damages in the total sum of $7,962.65, or in the alternative for at least $1,962.65 as special damages, as the alleged value of permanent improvements placed by appellant as a tenant upon the land or premises belonging to appellee as the landlord, during the occupancy thereof by appellant under the terms of an annual tenancy at will oral agreement at a fixed annual price therefor. Appellant pleaded in effect that early in 1952 he leased from appellee, by oral agreement, approximately 507 acres of land located in Donley County, Texas, for a consideration of $800 per year and that after beginning the occupancy of it under the terms of his said oral agreement he placed certain permanent improvements on the said land, at his own expense, with an understanding between himself and appellee that by doing so he could continue to lease and occupy the said land and premises from year to year at the same annual cash consideration of $800 so long as he, appellant herein, should desire to do so; that late in 1954 or early in 1955, appellee served a written notice upon appellant to vacate the premises at the end of that crop year and that he (appellant), without compulsion, vacated the said land and premises early in 1955 at the end of a crop year, and thereafter sought recovery of the aforesaid alleged damages.

Appellee answered on the merits of the case subject to numerous special exceptions, the 12th Special Exception being stated in the following language:

"That defendant further specially excepts to said petition because it appears therefrom that when plaintiff received defendant's notice to vacate, and the plaintiff's rental contract had terminated, that plaintiff voluntarily and without compulsion from defendant vacated the premises and voluntarily abandoned any right plaintiff may have had for any further lease of the premises and is estopped by his voluntary act in abandoning the rented premises from making any claim against defendant and of this defendant prays judgment of the court."

Upon a hearing with all parties present and represented by counsel, the trial court sustained the foregoing 12th Special Exception of appellee and dismissed the case after appellant declined to amend his pleadings, with judgment accordingly entered. From such judgment, appellant perfected his appeal and presents one point of error charging that the trial court committed error under the rules of equity.

Appellant's pleadings reveal that, with the exception of improvements of the alleged value of $95.85, all other improvements of the alleged value of $1,866.80 were placed by appellant on appellee's premises more than two years before appellant made demand for payment therefor or before the suit therefor was filed. His pleadings likewise reveal that appellant voluntarily vacated appellee's premises without being compelled to do so. The matters presented are therefore controlled by rules of law. Under the record, appellant as tenant took the premises as he found them. Appellee as the landlord was not under any obligations to further repair the premises for appellant or to pay appellant for the alleged permanent improvements he contends he placed on the premises. Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S.W.2d 239

and Hoover v. Wukasch, Tex.Civ.App., 274 S.W.2d 458, and other authorities there cited. Nowhere did appellant allege that appellee agreed to pay for such improvements. At most appellant pleaded that appellee agreed orally to permit him to occupy the premises so long as he desired at the previously agreed rental rate of $800 per year. Appellant did not vacate the premises under compulsion but voluntarily left them, although notice had been served upon him. At any rate, an oral lease agreement of realty for a period of more than one year contravenes the statute of fraud and is not enforcible. Article 3995, Sec. 4, Vernon's Annotated Civil Statutes; Urban v. Crawley, Tex.Civ.App., 206 S.W.2d 158, and other authorities there cited. An agreement between the parties to the effect that appellant could occupy the premises in question as long as he desired created a mere tenancy at will, terminable by either party in any event at the end of a crop year. Wildscheutz v. Lee, Tex.Civ.App., 281 S.W. 1105, and other authorities there cited.

Under the record and rules of law cited, it is our opinion that the trial court properly sustained appellee's 12th Special Exception to appellant's pleadings and properly dismissed the case after appellant refused to amend his pleadings. In view of our disposition of the foregoing matter, it is not necessary for us to pass on appellee's other counter points. However, it is quite possible that appellee's Special Exceptions Nos. 1 and 4, raising the questions of failure of consideration and the two-year statute of limitations barring recovery of most of appellant's claims, should have also been sustained, but for reasons previously stated we shall not pass on these matters.

Under the record before us, it is our opinion that the trial court's judgment should be affirmed and it is so ordered. Affirmed.