Ruth D. KALLISON, Independent Executrix of the Estate of Morris D. Kallison, Appellant,

v.

N. O. ELLISON, Appellee.

No. 14675.

Court of Civil Appeals of Texas.

San Antonio.

July 24, 1968.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellant.

Foster, Lewis, Langley, Gardner & Hawn, San Antonio, for appellee.

CADENA, Justice.

This suit was originally filed by Morris Kallison, as lessor, to recover rent owing by his tenant, N. O. Ellison, for the months of March, April, May, June and July, 1964, under an oral month to month lease of certain premises at a monthly rental of $125.00. Morris Kallison died before trial and the independent executrix of his estate, appellant, Ruth D. Kallison, appeals from a judgment in favor of defendant, Ellison.

Ellison contended below that, at the time the oral lease was made in 1963, his lessor, Morris Kallison, orally agreed to keep the premises in repair but that, despite several complaints by Ellison, the lessor failed to repair the roof of the leased building. As a result of the lessor's failure to repair the roof, Ellison contends that the roof leaked badly, causing damage to furniture stored by him in the building. In addition to urging that the defective condition of the roof rendered the premises untenable, thus amounting to a constructive eviction relieving him of liability for rent, Ellison sought to recover for the damage to his furniture.

The jury found that because of the defective condition of the roof, rains in August, 1963, caused damage to Ellison's furniture in the amount of $1,307.25. However, the jury found that the defective condition of the roof did not render the premises uninhabitable, and that Ellison was in possession of the premises during the five months in question in 1964. Apparently because of the provisions of our "dead man" statute, Article 3716, Vernon's Ann.Civ.St., no evidence was introduced relating to the existence of an oral agreement by the lessor to keep the premises in repair and, consequently, no issue concerning the existence of such an agreement was submitted to the jury.

Both parties filed motions for judgment on the verdict. Although Ellison's effort to recover for the damage to his furniture was barred by the statute of limitations, the trial court concluded that he was entitled to claim such damage as an offset to plaintiff's demand for rent. Since the amount of Ellison's damage ($1,307.25), exceeded the amount of rent owed by him ($625.00), the trial court entered judgment that plaintiff take nothing. Ellison has filed no brief defending the action of the trial court.

 Subject to exceptions not applicable here, a landlord is under no duty to make repairs to the demised premises, either before the commencement of, or during, the term, in the absence of an agreement or statute imposing such duty on him. Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S.W. 2d 239 (1941). We know of no statute imposing such a duty on the lessor in this case and, as already noted, there is no evidence of an express agreement on the part of the lessor to repair. The evidence does disclose that the lessor made some attempt to repair the roof while Ellison was in possession. However, evidence of repairs gratuitously undertaken by the lessor is not sufficient, standing alone, to establish the existence of an agreement to repair. Morton v. Burton-Lingo Co., supra; F. H. Vahlsing, Inc. v. Hartford Fire Ins. Co., 108 S.W.2d 947 (Tex.Civ. App.—San Antonio 1937, writ dism'd). There is no suggestion, either in the pleadings or the evidence, that such repairs were negligently made, or that the lessor fraudulently concealed the existence of a defect, known to the lessor, so latent or concealed that it was not discoverable by reasonable inspection.

Since there is no theory supported by the pleadings or the evidence which would render the lessor liable for the damage to Ellison's property, the trial court erred in holding that Ellison was entitled to claim such damage as an offset to plaintiff's demand. It follows that plaintiff's

motion for judgment on the jury verdict should have been granted.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff recover $625.00 from defendant.