**CITY OF BEAUMONT et al., Appellants,**

**v.**

**RANGER INSURANCE COMPANY, Appellee.**

**No. 7537.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 24, 1974.

Rehearing Denied Feb. 14, 1974.

Kenneth Wall, City Atty., Beaumont, for appellants.

Benckenstein & Norvell, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought by Ranger Insurance Company (hereinafter called Ranger) seeking a declaratory judgment that it is not required to defend the City of Beaumont (hereinafter called City) or to indemnify City. Both parties filed motions for summary judgment, and the trial court granted. Ranger's motion and denied City's motion.

The record before us shows the City, as owner and lessor, leased to Lee Sheffield (Beaumont Aviation) the Beaumont Municipal Airport for a term of five years, beginning September 1, 1966. Such lease contained the following provision:

"Lessee shall indemnify, save and keep harmless the Owner from all liabilities, claims, damages, judgments, injuries, costs and expenses which may in any manner come against Owner in consequence of or result from any operations that Lessee may conduct or carry on on the leased premises, and shall carry public indemnity and property damage insurance on the premises above described in the sum of $100,000 for each person and $300,000 for each accident, and property damage liability in the sum of $100,000 for each accident, the cost of said policies to be borne by said Lessee, but said

policies must be written by companies acceptable to Owner and shall cover Owner as well as Lessee, and said policies shall be filed with the City Clerk of the City of Beaumont."

November 11, 1968, Ranger issued its general liability insurance policy made the basis of this suit. Such policy contained this provision:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . ."

The policy defines the term "insured" as:

"[A]ny person or organization qualifying as an insured in the 'Persons Insured' provisions of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability."

The policy also contained the following endorsement:

"In consideration of the premium charged it is hereby understood and agreed that such insurance as is afforded by this policy under coverages A & B shall also apply with respect to the City of Beaumont, Texas, its elective and appointed officials and salaried employees of the City of Beaumont, Texas as additional insureds but the inclusion of additional interest or interests shall not oper-

ate to increase the limits of the companies liability."

February 8, 1973, Robert Ronald Flippin brought suit against City alleging that on or about August 8, 1969, he was injured on the premises of Beaumont Municipal Airport while employed by Sheffield. That lawsuit will hereinafter be referred to as the Flippin Case. City called on Ranger to defend that case, and Ranger brought this suit pending before this court.

■ Both parties agree that there are no factual issues and that the questions before this court are points of law. Ranger's pleadings in the trial court set forth its seven legal contentions, most of which are based upon the argument that the policy in question is an indemnity policy. At the outset that contention is rejected. We hold that such policy is a general liability insurance policy and that City is a named insured.

■ The most serious problem in this case is the determination as to whether the petition in the Flippin Case alleges a cause of action against City which occurred during the policy coverage. The law is now well settled in this state that the duty of an insurer to defend is determined from the allegations of the petition in the suit against the insured. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W. 2d 22 (Tex.1965).

■ A copy of the petition filed in the Flippin Case is made a part of the summary judgment proof before us. The material allegations as to liability are contained in paragraphs 2 and 3 of such petition, and read as follows:

"2.

"On or about August 8, 1969, in the late afternoon, the minor Plaintiff, Robert Ronald Flippin, was working at the Municipal Airport located in Beaumont, Jefferson County, Texas. The Defendant, The City of Beaumont, was the owner of the Municipal Airport which

the Defendant leased to the employer of said minor Plaintiff. On this occasion the minor Plaintiff was disassembling a rotating beacon which was mounted on a tower located on top of the main office building of the Municipal Airport. The Defendant, The City of Beaumont, acting through its agents, servants and employees, had secured the tower to the top of the building by bolting it to I–beams located on top of the building. On the occasion in question, while the minor Plaintiff was on the tower disassembling the beacon, the tower jerked from its mounting due to the rusting through of the bolts, tower and I–beams, falling on its side with part of the tower hanging over the edge of the building. The minor Plaintiff was thrown from his position on on the tower to the ground, more than two stories below, a distance of approximately 40 or 50 feet. As a result of the fall, the minor Plaintiff, Robert Ronald Flippin, sustained serious and permanently incapacitating injuries.

"3.

"When the Defendant, The City of Beaumont, acting through its agents, servants and employees, mounted the tower on top of the Municipal Airport building, the tower was secured in such a manner as to greatly hasten the rusting out of the tower, bolts, and I–beams. The manner in which the tower was mounted was unreasonable, as that term is understood in law, under the conditions and circumstances then prevailing.

"As owner of the leased premises, The City of Beaumont, when in possession of the premises prior to leasing to the minor Plaintiff's employer, failed to maintain said tower and its mounting in a reasonably safe condition. When the tower became defective and dangerous, not suitable or safe for a person to be on it in order to maintain the beacon thereon, the Defendant, The City of Beaumont, failed to replace the tower, bolts, and I–beam mounting and remedy the defective and dangerous condition existing due to the rusting out of said tower, bolts and I–beams.

"When the Defendant, The City of Beaumont, gave the minor Plaintiff's employer possession of the premises as lessee, the defects in the tower, bolts and I–beams which caused the fall and resulting injuries to said minor Plaintiff, were then in existence and known to the Defendant, The City of Beaumont. The Defendant failed to warn said minor Plaintiff's employer that the manner in which the tower was mounted was likely to hasten the rusting process, the Defendant failed to disclose the long length of time that the tower had been mounted in this manner, and failed to disclose the existence of the aforementioned defects and dangerous conditions known only to the Defendant, its agents, servants and employees. For all these reasons, the Defendant is answerable under the law for the injuries and damages sustained by the Plaintiff."

We must now analyze such petition to ascertain whether or not it states a cause of action within the policy coverage. The allegations as to negligence, in essence, are as follows:

1. City mounted the tower by bolting it to I–beams, which greatly hastened the rusting out of the tower, bolts, and I–beams and that was unreasonable.

2. Prior to leasing, City failed to maintain the tower in a reasonably safe condition.

3. City failed to replace the tower, bolts, and I–beam mounting and remedy the defective and dangerous condition due to the rusting out of the tower, bolts, and I–beams.

4. When City gave Sheffield possession, the defects in the tower, bolts, and I–beams were in existence and known to City, and City failed to warn Sheffield of the manner in which the tower had been mounted.

5. City failed to disclose the long length of time the tower had been mounted in such manner.

6. City failed to disclose the existence of the defects and dangerous condition.

Under the policy in question, Ranger has the duty to defend and also agreed to pay all sums the insured becomes obligated to pay as damages for bodily injury caused by an occurrence. "Occurrence" is defined in the policy as an accident which results during the policy period, which was neither expected nor intended from the standpoint of the insured. The policy provides that the insurance coverage for bodily injury applies to an occurrence arising out of the ownership, maintenance, or use of the insured premises.

The Supreme Court of this state has clearly stated the rule we must follow in analyzing the petition and the insurance policy in order to determine whether or not there is coverage. We find this statement in the *Heyden* case, supra, at 26:

"While we have said above that the court is limited to a consideration of the allegations and the insurance policy in determining an insurer's duty to defend, we wish to point out that in considering such allegations a liberal interpretation of their meaning should be indulged. It is stated in the comprehensive annotation in 50 A.L.R.2d 458, at 504:

" 'Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor.' "

Another case writing on this point is Sewer Constructors, Inc. v. Employers Casualty Co., 388 S.W.2d 20, 24 (Tex.Civ. App., Houston, 1965, error ref., n. r. e.), in which this statement is made:

"We think if there are allegations from which the reasonable reader would conclude that a continuing and unabandoned operation is being asserted there is an affirmative assertion of a claim within the coverage. To state it otherwise, if the allegations would admit of the introduction of evidence that would show a continuing operation there is an affirmative allegation of coverage. In case of doubt the pleading is to be construed most strongly against the insurer."

Also, in Maryland Casualty Company v. Mitchell, 322 F.2d 37, 39 (5th Cir. 1963) (footnotes omitted), this statement is made:

"The insurer is under a legal duty to defend if, and only if, the petition alleges facts constituting a cause of action within the coverage of the policy. That duty arises even though the petition may allege, in addition to the cause of action covered by the policy, facts constituting a cause of action not covered by the policy."

We have come to the conclusion that this case is controlled by the law restated in Flynn v. Pan American Hotel Co., 143 Tex. 219, 183 S.W.2d 446, 448 (1944), as follows:

"The rule in this state and in the other states, or most of them, is that when there is no agreement by the landlord to repair the premises and he is not guilty of fraud or concealment by failing to disclose defects existing when the lease is made, he is not liable to the tenant, or to employees or others entering under the tenant, for injuries caused by such defects."

See also, Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S.W.2d 239 (1941); Crocker v. Clark-McDavitt Properties, Inc., 365 S.

W.2d 21, 23 (Tex.Civ.App., San Antonio, 1963, error ref., n. r. e.), in which this statement is made:

> "The owner of leased premises is liable to the public or to third persons for injuries resulting from a defective structure on the premises, when the defect existed at the time the lease was made."

The Flippin petition makes no allegations that City agreed to repair the leased premises and shows specifically that Flippin was on the premises as the tenant's employee. However, the allegations of the Flippen petition show that the defect complained of was created by City and that City failed to disclose to its tenant the existence of such defect. Flippin's cause of action against City arose when he fell and was injured. That was an "occurrence" as that term is defined in the insurance policy. It resulted during the policy period and arose out of the ownership of the leased premises. Under *Flynn*, supra, that petition states a cause of action against City and Ranger is obligated to defend.

Reversed and remanded.