**Laura WALDON, Appellant,**

v.

**Rudolph WILLIAMS, Appellee.**

No. 3-88-068-CV.

Court of Appeals of Texas, Austin.

Nov. 16, 1988.

Fred Fuchs, Legal Aid, Austin, for appellant.

Les DeGraffenried, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

PER CURIAM.

Appellant Laura Waldon filed suit in the county court at law of Travis County against appellee Rudolph Williams[1] for his violation of the landlord's duty to repair or remedy. Tex.Prop.Code Ann. §§ 92.051 et seq. (1984 & Supp.1988). After a bench trial, the court entered judgment that appellee complete specified repairs at appellant's residence and that appellant's rent be

1. Appellee did not file a brief in this cause.

reduced until appellee successfully completed the repairs. The trial court also awarded appellant damages in the amount of one month's rent plus $100 for appellee's failure to repair, one month's rent plus $100 for appellee's retaliation against appellant, attorney's fees and costs. We will reform the judgment and will affirm the judgment as reformed.

In one point of error, appellant contends that the trial court erred in holding that Tex.Prop.Code Ann. § 92.056(b) (1984) does not permit an award of damages for the diminished value of rental premises because of a landlord's failure to repair. Section 92.056(b) provides that a tenant of a landlord, liable under Tex.Prop.Code Ann. § 92.056(a) (1984), may obtain

... one or more of the following judicial remedies:

(1) an order directing the landlord to take reasonable action to repair or remedy the condition;

(2) an order reducing the tenant's rent in proportion to the reduced rental value resulting from the condition until the condition is repaired or remedied;

(3) a judgment against the landlord for one month's rent plus $100;

(4) a judgment against the landlord for the amount of the tenant's actual damages; or

(5) court costs and attorney's fees....

In her original petition, appellant requested, in pertinent part, judgment for a reduction in rent, pursuant to § 92.056(b)(2), and actual damages, pursuant to § 92.056(b)(4). At the conclusion of the trial, the court filed findings of fact and conclusions of law. Tex.R.Civ.P.Ann. 296 (Supp.1988). Finding of fact seven states,

Throughout the fifteen months from the time of [appellant's] first notice to [appellee] until the time of trial, [appellant's] rental premises were diminished in value by 40% of the contract rent or $110.00 per month, for a total damage of $1,650.00.

The trial court did not award the $1,650 as actual damages because, as conclusion of law eight states,

[Appellant] is not entitled to recover the reduced value of her rental premises prior to judgment as actual damages pursuant to [§ 92.056(b)(4)] because reduction in rental value is authorized only prospectively as a remedy under § 92.056(b)(2).

Accordingly, the question on appeal is whether appellant may recover actual damages in the amount of $1,650. A fundamental purpose of all rules of damages, other than punitive damages, is to indemnify an injured party for the pecuniary loss suffered, placing him as nearly as possible in the position he would have occupied but for the injury in question. *Reaugh v. McCollum Explor. Co.*, 139 Tex. 485, 163 S.W.2d 620 (1942); *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231 (Tex.App.1985, writ ref'd n.r.e.).

At common law, a landlord had no duty to make or to pay for repairs. *Morton v. Burton–Lingo Co.*, 136 Tex. 263, 150 S.W.2d 239 (1941); *Kallison v. Ellison*, 430 S.W.2d 839 (Tex.Civ.App.1968, no writ). There was, in the absence of fraud or deceit, no implied warranty on the lessor's part that premises leased for residential purposes were suitable for their intended use. *Kamarath v. Bennett*, 568 S.W.2d 658 (Tex.1978); *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493 (Tex.Civ.App.1977), writ ref'd n.r.e. 568 S.W.2d 661 (Tex.1978). In *Kamarath*, however, the supreme court recognized an implied warranty of habitability in residential leases. "This means that at the inception of the rental lease there are no latent defects in the facilities that are vital to the use of the premises for residential purposes and that these essential facilities will remain in a condition which makes the property livable." *Kamarath*, 568 S.W.2d at 661. The Legislature then enacted 5236f, 1979 Tex.Gen.Laws, ch. 780 §§ 1 et seq., at 1978 (repealed effective January 1, 1984, and codified at Tex.Prop.Code Ann. §§ 92.001 et seq.); which abrogated the implied warranty, created a duty to repair and stated the tenant's remedies for violation of the duty. *See generally*, McSwain & Butler, *The Landlord's Statutory Duty*

to Repair—Article 5236f: The Legislative Response to Kamarath v. Bennett, 32 Baylor L.Rev. 1 (1980). The available remedies included a judgment for actual damages.

Neither the statute nor the court in Kamarath specified the actual damages recoverable. The court did state, that testimony about the difference between the rent charged and the fair market value of the premises in its state of disrepair was improperly excluded because it was relevant to the damages suffered, if any. Appellant, however, did not raise a point on the measure of damages. Kamarath, 568 S.W.2d. at 659.

If, before Kamarath and art. 5236f, a statute or agreement imposed a duty to repair, a tenant had a right to recoup the damages resulting from the landlord's breach of the covenant to repair. Ravkind v. Jones Apothecary, Inc., 439 S.W.2d. 470 (Tex.Civ.App.1969, writ ref'd n.r.e.). The usual measure of damages was the difference between the contract rental and the rental value of the premises in the unrepaired condition. Edwards v. Wards Assoc., Inc., 367 S.W.2d. 390 (Tex.Civ.App. 1963, writ ref'd n.r.e.); Mitchell v. Weiss, 26 S.W.2d. 699 (Tex.Civ.App.1930, no writ); see Birge v. Toppers Menswear, Inc., 473 S.W.2d. 79 (Tex.Civ.App.1971, writ ref'd n.r.e.) (measure of damages is difference between market rental value for unexpired term of lease and reserved rentals stipulated therein).

In the absence of a statutory definition of "actual damages," we look to the common law measure of damages, that is, the difference in rental values. Brown v. American Transfer & Storage Co., 601 S.W.2d. 931 (Tex.1980), cert. denied 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980) (actual damages under Tex.Bus. & Com.Code Ann. § 17.50 (1987); Investors, Inc. v. Hadley, 738 S.W.2d. 737 (Tex.App. 1987, writ denied) (actual damages under § 17.50); Frank B. Hall & Co. v. Beach, Inc., 733 S.W.2d. 251 (Tex.App.1987, writ ref'd n.r.e.) (actual damages under Tex.Ins. Code Ann. art. 21.21, § 16 (Supp.1988).

Nevertheless, the trial court concluded that § 92.056b(2) limits the recovery of these damages. Section 92.056b(2) provides for an order reducing the rent "in proportion to the reduced rental value resulting from the condition until the condition is repaired or remedied." Appellant argues that the application of this section is not limited to prospective relief and that, because it authorizes a reduction from the time of the second repair notice, it does not preclude an award of damages pursuant to § 92.056(b)(4).

■ By its own terms, the reduction in rent under § 92.056(b)(2) is prospective because it runs from the trial court's entry of an order. The section does not address damages suffered, if any, before the entry of an order. Thus, the statute includes a provision for actual damages to compensate the tenant for injury suffered for the landlord's failure to repair. Having found that appellant was damaged and the amount of actual damages, pursuant to a correct measure of damages, the trial court erred in not awarding the damages. See Stewart v. Basey, 150 Tex. 666, 245 S.W.2d. 484 (1952) (trial court should award neither more nor less than the actual damages). Furthermore, the statute allows a tenant to obtain "one or more" of the five remedies listed. We sustain appellant's point of error.

The judgment is reformed to award appellant Laura Waldon actual damages in the amount of $1,650 pursuant to Tex.Prop. Code Ann. § 92.056(b)(4). As reformed, the judgment is affirmed.