Alberta MORRIS, Appellant,

v.

## KAYLOR ENGINEERING COMPANY et al., Appellees.

No. 1751.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 12, 1978.

Rehearing Denied May 3, 1978.

W. Jiles Roberts, Houston, for appellant.

Don Karotkin, Funderburk & Funderburk, John T. Golden, Vinson & Elkins, Houston, for appellees.

CIRE, Justice.

Alberta Morris appeals from a take-nothing judgment rendered in this personal injury case. The successful parties in the trial court are Roy D. Kaylor, Kaylor Engineering Company and Swimquip, Inc., the appellees.

In September 1970 appellant sustained personal injuries when she stepped on a swimming pool skimmer cover. The swimming pool was on the premises of the apartment complex where she was living as a tenant. Due to pressure applied by appellant's leg, the cover slipped out of its frame and gave way, and her foot and leg fell through the hole causing her injuries.

Appellant subsequently filed suit and alleged, among other things, in her third amended original petition both strict liability and negligence theories against Swimquip, the manufacturer of the cover, and Kaylor, the owner of the apartment complex where the accident occurred. Appellant pled an implied warranty of habitability against Kaylor, alleging that since he was the owner of the complex, he had a duty to maintain the premises in a condition suitable for human habitation and his failure to do so rendered him liable under the doctrine of strict liability.

Appellee Kaylor filed a special exception to appellant's pleadings claiming that the doctrine of strict liability in tort was legally inapplicable to Kaylor as owner of the apartment complex. The trial court granted this exception.

The case was submitted to the jury in March 1977. The jury found that appellant had suffered injuries as a result of this accident but found that the cover was not defective when it was sold by appellee Swimquip and additionally found no negligence on the part of the appellees. Subsequently, the trial court entered a take-nothing judgment on the basis of the jury's answers to the special issues.

Appellant Morris asserts a single point of error before this court claiming that "the trial court erred in ruling that a warranty of habitability (strict liability) does not apply between landlord and tenant in Texas." The warranty of habitability does not apply to the landlord-tenant relationship in a personal injury case, and, as a consequence,

appellant's point of error is overruled. We recognize that the habitability warranty has been extended to the sale of a new house. *See Humber v. Morton,* 426 S.W.2d 554 (Tex.Sup.1968). We also note that the Supreme Court has granted a writ in a case which may shed light on this question. *Kamarath v. Bennett,* 549 S.W.2d 784 (Tex. Civ.App.—Waco 1977), *writ granted* (Tex.) 20 Tex.Sup.Ct.J. 42 (Oct. 1, 1977). However, the most recent directive from the Supreme Court clearly indicated that, in a landlord-tenant personal injury action dealing with land appurtenant to the part leased to the lessee and under *Parker v. Highland Park, Inc.,* 565 S.W. 2d 512 (Tex.Sup.1978) gave express recognition to the restatement:

§ 360. Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use

A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

Restatement (Second) of Torts § 360 (1965). *See Brown v. Frontier Theaters, Inc.,* 369 S.W.2d 299 (Tex.Sup.1963); *McCreless Properties, Ltd. v. F. W. Woolworth Co.,* 533 S.W.2d 863 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *George v. City of Fort Worth,* 434 S.W.2d 903 (Tex.Civ.App. —Fort Worth 1968, writ ref'd n. r. e.).

Appellant has not asserted error against the take-nothing judgment rendered in favor of appellee Swimquip, the manufacturer of the cover. Accordingly, the judgment as to Swimquip is affirmed.

Appellant's point of error is hereby overruled. Because of our holding, it is unnecessary to rule on appellee Kaylor's crosspoints.

Affirmed.