Robert W. PORTER, Appellant,

v.

LUMBERMEN'S INVESTMENT CORPORATION, Appellee.

No. 13172.

Court of Civil Appeals of Texas, Austin.

Sept. 24, 1980.

George E. Pletcher, Helm, Pletcher & Hogan, Houston, for appellant.

Dean M. Kilgore, McGinnis, Lochridge & Kilgore, Austin, for appellee.

SMITH, Justice.

In May, 1972, the law firm of Thompson, Coe, Cousins, Irons, and Porter, leased an apartment in the Westgate Building in Austin from appellee, Lumbermen's Investment Corporation, owners and operators of said complex.

The lease provided that its term would begin on May 15, 1972 and end on May 14, 1973. However, paragraph 8 of the lease contained the following language: " . . . this lease, with all the conditions and covenants hereof, shall continue for the additional term of one (1) year and so on from year to year until terminated by one party giving the other party said two (2) months written notice."

In June, 1974, appellant was appointed United States District Judge for the Northern District of Texas. Upon his appointment, he resigned as a member of the law firm. His name, however, was not removed from the lease and, in fact, appeared on the face of the lease at the time of the incident that was basis of this suit.

While staying at the Austin apartment in May of 1975, appellant fell through a plate glass door incurring serious injuries. Some two years later, appellant filed this suit for personal injuries alleging that the plate glass door was not reasonably suited for its intended purpose, that it was unreasonably dangerous for use under the existing circumstances, and that appellee failed to exercise ordinary care in warning appellant that the door was not of sufficient strength to withstand human impact without breaking.

Subsequently, appellee filed a motion for summary judgment setting up an exculpatory clause contained in the lease as an affirmative defense to appellant's action. The district court granted the motion and entered judgment in October of 1979 that appellant take nothing. It is from this judgment that appellant has perfected this appeal.

Appellant first complains that appellee failed to sustain its burden of showing that there were no issues of fact as to one or more of the essential elements of appellant's cause of action. This point is without merit.

Under Rule 166–A(c), *Texas Rules of Civil Procedure* (Supp.1980), a defendant is entitled to summary judgment based on an asserted affirmative defense if he proves, as a matter of law, that there are no genuine issues of fact as to any material element of the defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Kenney v. Porter*, 557 S.W.2d 589 (Tex.Civ.App.–Corpus Christi 1977, no writ). To resist the summary judgment, the burden of proof then shifts back to plaintiff to plead and offer proof of a defense to avoid defendant's affirmative defense. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972).

The trial court was correct in restricting the summary judgment proof to the affirmative defense of appellee and it was not necessary to deal with any of the elements of appellant's cause of action.

Appellant next asserts that summary judgment was improper because the exculpatory clause in the lease agreement was invalid as an adhesion contract or inapplicable because of a breach of the implied warranty of habitability.

Paragraph 12 of the lease provided:

"12. NON–LIABILITY OF LESSOR: Neither Lessor, its agents, employees and/or servants shall be liable for any damage or injury to Lessee, its agents, employees, servants, guests and/or licensee's or to any person entering the premises or the building of which the demised premises are a part or to goods or chattels therein which result from any defect in the structure or the equipment of which the demised premises are a part, nor shall Lessor or its agents, employees, or servants be liable for any damage caused to Lessee, its agents, employees, servants, guests and/or licensee's, by other Lessees or persons in said building or for interference with light or other incorporeal herediments, or caused by operations in construction of any public or quasi–public work, nor for any latent defect in the building."

Exculpatory clauses between landlord and tenant are generally upheld as to future liability for negligence. Such agreements are invalid, however, where there is such gross disparity of bargaining power as to compel the lessee to agree. *Crowell v. Housing Authority of the City of Dallas,* 495 S.W.2d 887 (Tex.1973).

To resist appellee's motion for summary judgment, appellant had the burden to plead and offer evidence of the invalidity of the exculpatory clause. *"Moore" Burger, Inc. v. Phillips Petroleum Co, supra.* The summary judgment proof contains no evidence of any disparity of bargaining power between Thompson, Coe, Cousins, Irons and Porter and appellee. Appellant's only argument is that "disparity [of bargaining power] can occur even though the bargaining parties are at the same relative degree of sophistication..." While this may be true, appellant still had the burden to show disparity. He failed to carry this burden.

Appellant also contends that the decision in *Kamarath v. Bennett,* 568 S.W.2d 658 (Tex.1978), "puts in question the earlier case law that upholds exculpatory provisions as not being violative of public policy." Appellant misapprehends the breadth of the implied warranty recognized in *Kamarath.*

Appellant, in the case at bar, brought suit for personal injuries sustained because of the allegedly defective window. The warranty of habitability recognized in *Kamarath* does not apply to the landlord–tenant relationship in a personal injury case. Any cause of action against the landlord in such cases must arise under some theory of negligence. *Morris v. Kaylor Engineering Co.,* 565 S.W.2d 334 (Tex.Civ. App.–Houston [14th Dist.] 1978, writ ref'd n. r. e.); McSwain & Butler, *The Landlord's Statutory Duty to Repair–Article 5236f: The Legislative Response to Kamarath v. Bennett,* 32 Baylor L.Rev. 1, 4 (1980); Katz, *Landlord and Tenant* in *Annual Survey of Texas Law,* 33 Sw.L.J. 85, 95 (1979).

Again, appellant showed no facts raising an issue as to appellee's stated affirmative defense. Appellant's second point of error is overruled.

Appellant finally argues that even if the exculpatory clause in the lease is valid, appellee failed to produce any summary judgment proof to establish as a matter of law that appellant, Robert W. Porter, was bound by the 1972 lease agreement because, on the date of the injury complained of, appellant was no longer a member of the tenant firm.

In his Original Petition, appellant pleaded that "at such time, and before May 21, 1975, Robert W. Porter was a tenant at the Westgate in Austin, Travis County, Texas, under an existing lease agreement." In its First Amended Original Answer, appellee pleaded "... at the time of the accident, [Plaintiff] was a tenant under a lease with the Defendant...."

As both parties admit that appellant was a tenant at the Westgate at the time of the accident, there was no need for this fact to be proved. *Caulk v. Anderson,* 120 Tex. 253, 37 S.W.2d 1008 (1931); *Lafield v. Maryland Casualty Co.,* 119 Tex. 466, 33 S.W.2d 187 (1930).

As the exculpatory clause was a valid part of the lease and appellant was a tenant under the lease, appellant, as a matter of law, has no cause of action against appellee for damages sustained in his fall through the window.

The judgment of the trial court is affirmed.

Affirmed.