**Roy ELLIOTT, Appellant,**

v.

**Earl DOW, Appellee.**

**No. B14–90–00866–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1991.

Rehearing Denied Nov. 27, 1991.

Sanford B. Kahn, Houston, for appellant.

W. Scott Goleman, Conroe, Gregg Anderson, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment awarding damages for personal injuries sustained as a result of an auto/motorcycle collision. The jury found that both parties' negligence proximately caused the occurrence (appellant: 35%, appellee: 65%). The jury awarded appellant $2,500.00 for physical pain, $2,000.00 for lost wages and $10,-000.00 for medical bills. The jury determined these amounts from the date of the incident until the date of the verdict. The jury awarded $0 for appellant's mental anguish. The trial court entered judgment on appellee's motion in favor of appellant in the amount of $9,425.00 plus pre-judgment and post-judgment interest. From this judgment appellant appeals.

On August 6, 1985, appellant was travelling by motorcycle southbound on Montrose, a major four lane thoroughfare. Appellee's car failed to yield the right of way at the intersection where appellant's motorcycle was approaching. Appellant responded by veering to the right toward appellee's vehicle, and as a result, appellant's motorcycle hit appellee's car. Appellant testified the speed of his motorcycle at impact was 10 miles an hour. He also testified that if he had gone left he would likely have missed the appellee.

Immediately after the accident, appellant noticed his arm was cut and his left ankle hurt a bit. Appellant was taken to a hospital emergency room and his arm was stitched. A couple of days later, appellant visited Dr. Shafie because his leg was sore. Later, upon returning from a trip to Europe, he experienced lower back pains and went back to Dr. Shafie who admitted him for 10 days in the hospital followed by outpatient physical therapy. Subsequently, appellant visited a different doctor, Dr. Mitchell, who put him in a brace for his back, and he saw Dr. Mitchell four or five times, until some time in 1988.

In October of 1988, appellant was involved in a subsequent automobile accident in which appellant's car was rear-ended. He experienced back pain as a result of that accident. Appellant could not say what back pain at that point was caused by the motorcycle wreck and what back pain was caused by the automobile wreck in October of 1988.

■ In point of error one, appellant contends the trial court erred in entering judgment on the jury's finding of zero damages for mental anguish, because it was so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. In reviewing great weight points complaining of a jury's failure to find a fact, courts of appeals must weigh all of the evidence and should set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (citing *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *In Re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951)). The jury is the trier of facts and is the sole judge of the credibility and weight that should be given to their testimony. *Bolin Development Corp. v. Indart*, 803 S.W.2d 817 (Tex.App. [14th Dist.] 1991, writ den.) (citing *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). The appellate court is not free to substitute its opinion for that of the jury merely because it might have reached a different conclusion. *Id.* (citing *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988)).

Appellant contends that the law "clearly states" that a jury may not refuse to award mental anguish damages when the jury has found an injury did occur and awarded money for past pain, lost earnings and medical expenses. Appellant cites two cases in support of this proposition: *Del Carmen Alacorn v. Circe*, 704 S.W.2d 520 (Tex.App.—Corpus Christi 1986, no writ) and *Sansom v. Pizza Hut of East Texas, Inc.*, 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ). We fail to see how these cases support appellant's proposition.

The juries in *Del Carmen Alacorn* and *Sansom* did not award damages for physical pain suffered by the appellant, unlike the present case. In *Del Carmen Alacorn*, the jury found that the appellant had suffered an objective injury for which she was awarded damages for her medical bills and loss of earnings. In response to the appellant's complaint of the jury's failure to award damages for physical pain *and* mental anguish, the court stated that "We find it inconsistent that appellant could require the medical care for which the jury compensated her, and yet find no compensable physical pain *or* mental anguish." *Del Carmen Alacorn v. Circe*, 704 S.W.2d 520, 521 (Tex.App.—Corpus Christi 1986, no writ) (emphasis added). Unlike *Del Carmen Alacorn*, the jury in the present case did award damages for pain suffered by the appellant. We, therefore, do not find it inconsistent based on *Del Carmen Alacorn* for the jury in the present case to find only past physical pain rather than mental anguish.

Also, in *Sansom*, once again unlike the present case, the jury did not award damages for past pain and suffering, although the jury found appellant did suffer injury and awarded damages for loss of appellant's household services and past medical expenses. Like *Del Carmen Alacorn*, the court reviewed the jury's failure to award damages for past pain and suffering and mental anguish; however, *Sansom* holds the jury's answer of zero damages for "pain and suffering *and* mental anguish is so against the great weight and preponderance of the evidence as to be manifestly unjust *because the uncontroverted evidence discloses that appellant did suffer some damages.*" *Sansom v. Pizza Hut of East Texas, Inc.*, 617 S.W.2d 288, 293 (Tex.App.—Tyler 1981, no writ) (emphasis added). Although the court indicates that pain and suffering *and* mental anguish should be awarded once a jury finds an injury, the court analyzed this case in light of sufficient "uncontroverted evidence" in support of these elements of damages. *Id.* at 290–2 (Sansom appeared visibly in pain after injury and shortly thereafter; had trouble climbing stairs, getting up and down and walking any distance; was in bed for several weeks, used crutches out of necessity, had lessened sensation on the lateral sole of foot).

Appellant argues there was uncontroverted evidence in support of mental anguish. Appellant points to the appellant's testimony that he was upset after the wreck, he had been forced to sleep in a

recliner on some nights due to his back pain, and that the condition of his back caused him to worry about the future. Nevertheless, there are contrary statements in appellant's own testimony which the jury was entitled to consider. First, appellant testified that he had been in an accident subsequent to the motorcycle accident and could not determine what back pain was caused by the motorcycle wreck and what was caused by the subsequent accident. Further, when asked on cross examination about his restricted activity he testified as follows:

Q: Have there been times when you started to do certain things, activities that you have—just couldn't because your back hurt that bad?

A: Yep.

Q: Does that cause you concern?

A: I don't know. I guess it's just something I'm kind of used to. You know.

Appellant testified that he had another prior motorcycle accident in 1963 wherein his leg was hurt and that he could not remember if he complained of back pain then, and would not be surprised if he did. With this information, the jury was entitled to conclude that he was "kind of used to" back pain because he continues to experience pain from a prior accident.

■ Appellant must show more "than mere worry, anxiety, vexation, embarrassment or anger." *Town East Ford Sales, Inc. v. Gray,* 730 S.W.2d 796, 803 (Tex.Civ. App.—Dallas 1987, no writ) (citing *Roberts v. U.S. Home Corporation,* 694 S.W.2d 129, 136 (Tex.App.—San Antonio 1985, no writ), citing *K–Mart Corporation Store No. 7441 v. Trotti,* 677 S.W.2d 632, 639 (Tex.App.—Houston [1st Dist.] 1984, no writ) and *Freedom Homes of Texas, Inc. v. Dickinson,* 598 S.W.2d 714, 718 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.)); *Roberts v. U.S. Home Corp.,* 694 S.W.2d 129, 136 (Tex.Civ.App.—San Antonio 1985, no writ). "[T]he proof must show intense pain of body or mind, or a high degree of mental suffering." *Ryder Truck Rentals, Inc. v. Latham,* 593 S.W.2d 334, 339 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). Furthermore, the fact that appel-

lant testified he was upset after the accident is not sufficient to establish mental anguish. See *Trevino v. Southwestern Bell Telephone Co.,* 582 S.W.2d 582, 584 (Tex.Civ.App.—Corpus Christi, 1979, no writ) (fact that Trevino was very upset because phone company entered Trevino's place of business and removed telephones without Trevino's permission was insufficient to sustain mental anguish damages). In light of all the evidence, both for and against, we find the jury's finding should be upheld. Accordingly, point of error one is overruled.

■ In point of error two, appellant asserts the trial court erred in entering judgment on the jury's finding of 35% negligence attributable to appellant, because this finding was contrary to the great weight and preponderance of the evidence. Appellant did not preserve this error for appeal, because he did not assign this as error in his motion for new trial. To complain on appeal "that a jury finding is against the overwhelming weight of the evidence", appellant must include that point in a motion for new trial. Tex. R.Civ.P. 324(b); Tex.R.App.P. 52(d).

■ Appellant did object to a jury charge which asked the jury to consider whether the plaintiff's negligence may have proximately caused the injury. Appellant argued that the jury charge would be against the great weight and preponderance of the evidence, because there was no evidence appellant was negligent. We note appellant did not object to the charge which asked the jury to apportion percentages of fault among the appellant and appellee. Even if appellant had objected to the appropriate jury charge which comports to his argument now on appeal, that objection would not take the place of appellant's procedural requirement to raise this point after the jury's findings on that charge in his motion for new trial. Appellant's point of error two is overruled.

Accordingly the trial court's judgment is affirmed.