NO. 07-09-0260-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2010

_____


BRANDY SALINAS, Individually and as Next Friend of ALEXANDRIA MILBECK, MAKAYLA SALINAS, and VALERIE SALINAS; ANNA MADRIGAL, Individually and as Next Friend of ERICA MADRIGAL; and STEPHANIE VASQUEZ, Individually and as Next Friend of LEEANDRA VASQUEZ,

Appellants

v.

TOMMIE ALLEN and DESIGN TRANSPORTATION SERVICES, INC.,

Appellees

_____

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,523; HON. RUBEN REYES, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This appeal arises from a judgment entered by the trial court based on the jury finding that no damages should be awarded for physical pain, physical disfigurement or mental anguish to Brandy Salinas, individually and as next friend of Alexandria Milbeck, Makayla Salinas, and Valerie Salinas; Anna Madrigal, individually and as next friend of

Erica Madrigal; and Stephanie Vasquez, individually and as next friend of Leeandra Vasquez (collectively referred to as Salinas) resulting from an auto accident involving Tommie Allen and Design Transportation Services, Inc. (collectively referred to as Allen). Via a single issue, Salinas contends the trial court erred by failing to grant their motion for new trial. We affirm in part, reverse and remand in part.

## Background

After attending a movie at the drive-in, Brandy Salinas was driving her three daughters, (Alex, Makayla and Valerie) and their friends, (Erica and Leeandra) back to Brandy's house. A truck operated by Tommie Allen and owned by Design Services, Inc. had stopped at a stop sign. He had begun to pull out when Brandy, traveling approximately fifty-five miles an hour, attempted to stop but hit the back of the truck. All passengers were taken to the hospital and Brandy received seventeen stitches in her forehead. After the accident, all of the children involved continued to be afraid and upset which resulted in nightmares. After a jury trial was held, the trial court rendered a judgment for medical expenses only to the plaintiffs and zero damages for past and future pain and suffering, mental anguish and past and future disfigurement. Salinas, now, appeals.

## Issue – New Trial

Salinas argues that the trial court abused its discretion in failing to grant a new trial because the jury's finding assessing zero damages for physical pain, physical disfigurement and mental anguish are against the great weight and preponderance of the evidence and are manifestly unjust. We agree and sustain the issue in regards to Brandy. We overrule as to the children.

2

*Standard of Review*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *See Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

In *In re Columbia Medical Ctr. of Las Colinas, Subsidiary, L.P*, 290 S.W.3d 204, 211 (Tex. 2009), the Supreme Court held that "[i]f a court of appeals affirms a challenged jury verdict as being supported by factually sufficient evidence, the court need not detail all the evidence in support of the verdict . . . .  But if the court holds that the verdict is not supported by factually sufficient evidence and effectively sets aside the jury verdict by reversing the trial court's judgment, the court must detail all the relevant evidence and explain how it outweighs evidence supporting the verdict or how the verdict is so against the great weight and preponderance of the evidence that it is manifestly unjust."  *Id.*; *see Citizens Nat'l Bank in Waxahachie v. Scott*, 195 S.W.3d 94, 96 (Tex. 2006) (holding that an appellate court may not reverse a lower court judgment by "merely saying that the court has reviewed all the evidence and reach[ed] a conclusion contrary to that of the trier of fact" but must explain with specificity why it has substituted its judgment for that of the trial court).

The standards by which trial judges and appellate judges may set aside or overturn a jury verdict are different.  The Rules of Civil Procedure afford a trial court considerable discretion to set aside a jury verdict, even on its own motion.  *See* Tex. R.

3

CIV. P. 320.  Appellate judges have much less discretion because they are limited to the issues urged and record presented by the parties and because appellate courts are specifically limited to reversing judgments only for errors that probably resulted in entry of an improper judgment or precluded a party from properly presenting its case on appeal.  *See* TEX. R. APP. P.  44.1; *see also* TEX. R. APP. P. 61.1; *but see Living Ctrs. of Tex., Inc. v. Peñalver,* 256 S.W.3d 678, 681 (Tex. 2008) (noting that no harm analysis is required for certain incurable jury argument); *In re J.F.C.*, 96 S.W.3d 256, 291 (Tex. 2002) (noting that a harm analysis is not conducted for jurisdictional fundamental-error review).   And, of course there are differences between the review that can be accomplished by appellate judges who have only the record to consider and trial judges who have seen the parties and witnesses and sensed the affect of certain evidence or occurrences on the trial.  Nevertheless, there is no meaningful difference to the parties between an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside or disregarding it.  The end result is that the prevailing party loses the jury verdict and the judgment, or potential judgment, based on it.  We, now, turn to the issue before us.

*Application of Law to Brandy Salinas*

In the motion for new trial, Brandy challenged the sufficiency of the evidence to support the jury's verdict.  Specifically, she directly challenges the jury's answers to questions 3(a), 3(b) and 3(c).  Those questions asked "what sum of money, . . . would fairly and reasonably compensate BRANDY SALINAS for her injuries," for (a) physical pain and mental anguish sustained in the past, (b) disfigurement sustained in the past and (c) disfigurement sustained in the future.  The jury awarded zero damages.

4

Whether a damage award is manifestly too small or too large, in other words, whether the award is inadequate or excessive, is generally determined by a review of the sufficiency of the evidence to support the verdict.  *See Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex. 1987) (sufficiency of the evidence review by trial court and appellate court); *see also Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998) (factual sufficiency review for excessive damages); *Marshall v. Superior Heat Treating Co.,* 826 S.W.2d 197, 200 (Tex. App.–Fort Worth 1992, no writ) (factual sufficiency review for zero damages award); *Roberts v. Tatum*, 575 S.W.2d 138, 140-41 (Tex. Civ. App.–Corpus Christi 1978, writ ref'd n.r.e.).

*Jury Question 3(a) Physical Pain in the Past*

The damages fall within two broad categories when someone suffers personal injuries.  They are "economic and non-economic damages."  *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 763 (Tex. 2003).  "Traditionally, economic damages are those that compensate an injured party for lost wages, lost earning capacity, and medical expenses."  *Id.*  And, "[n]on-economic damages include compensation for pain, suffering, mental anguish, and disfigurement."  *Id.*  Moreover, "[t]he process of awarding damages for amorphous, discretionary injuries such as mental anguish or pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss."  *HCRA of Tex., Inc. v. Johnston,* 178 S.W.3d 861, 871 (Tex. App.–Fort Worth 2005, no pet.).  When the existence of some pain, mental anguish and disfigurement has been established, "there is no objective way to measure the adequacy of the amount awarded as compensation, which is generally left to the discretion of the fact finder."  *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 80 (Tex.

5

App.–Corpus Christi 1992, writ denied). Physical pain and suffering may be established by circumstantial evidence. *Johnston*, 178 S.W.3d at 871. "The duration of the pain . . . is an important consideration." *Id.* The fact finder "is given a great deal of discretion in awarding an amount of damages it deems appropriate for pain and suffering." *Id.*

Here, Brandy testified that her "head hit the steering wheel," "someone put something on [her] head," she received "seventeen" stitches in her forehead, and she "had a lot of soreness and bruising." She, further, testified that she had twisted her foot or ankle when "[she] slammed on the brake . . . and it was . . . swollen," she "had a lot of headaches" that "went on for several months after," and she took prescription medications for the headaches. Furthermore, Brandy introduced her medical records and pictures of the stitches she received in her forehead. This evidence does not dispute the existence of Brandy's actual injuries. Furthermore, the jury could not ignore uncontroverted evidence by completely denying recovery. *See Thomas v. Oil & Gas Bldg., Inc.*, 582 S.W.2d 873, 881 (Tex. Civ. App.–Corpus Christi 1979, writ ref'd n.r.e.). The jury's finding of zero damages for past physical pain was against the great weight and preponderance of the evidence. *See Monroe v. Grider,* 884 S.W.2d 811, 820 (Tex. App.–Dallas 1994, writ denied). Furthermore, uncontroverted evidence of an objective injury does not always require mental anguish damages. *See Elliot v. Dow*, 818 S.W.2d 222, 224-25 (Tex. App.–Houston [1st Dist.] 1991, no writ). However, in this case, the trial court submitted damages for physical pain and mental anguish in one issue. Because the trial court submitted the two types of damages together, we find the jury's finding of no damages for past physical pain and mental anguish is against the great

weight and preponderance of the evidence.  We sustain Brandy's issue regarding pain and mental anguish in the past.

Because we have sustained Brandy's issue regarding past physical pain and mental anguish and granted her a new trial, we need not address her remaining issues. This is so because the granting of the new trial is on all issues contested, both damages and liability.  *See Vinson & Elkins v. Moran*, 946 S.W.2d 381, 411 (Tex. App.–Houston [14th Dist.] 1997, writ dism'd by agr.) (holding that a new trial is required for liability as well as damages because a separate trial on unliquidated damages alone is improper if liability issues are contested); *see also* TEX. R. CIV. P. 320.

*Jury Questions 4(a), 5(a), 6(a) – Physical Pain and Mental Anguish in the Past for the Salinas Children*

The above referenced jury questions asked the jury to award damages for "physical pain and mental anguish sustained in the past" for Alexandria Melbeck, Makayla Salinas and Valerie Salinas.  The Salinas children contend that the trial court erred by failing to grant a new trial because the evidence showed they were "horrified by the wreck," they "suffered tremendous fear and mental anguish at the time of the wreck," "Makayla [] would not let her mother out of sight," Makayla "would cry in the morning when her mother would drop her off for school," all of the children "feared riding in a car for several months following the wreck," and, the mother would be called by a child from school to make sure she was okay, which disrupted their daily routine.  For the following reasons, we disagree and overrule the issue.

To support an award of mental anguish damages, the plaintiff's evidence must describe "the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine."  *See Fifth Club, Inc. v. Ramirez*, 196

7

S.W.3d 788, 797 (Tex. 2006) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex.1995)). The Texas Supreme Court has held that "some types of disturbing or shocking injuries have been found sufficient to support an inference that the injury was accompanied by mental anguish." *Parkway*, 901 S.W.2d at 445. For example, as early as 1888, the Texas Supreme Court recognized that serious bodily injury "involving fractures, dislocations, etc., and results in protracted disability and confinement to bed" necessarily resulted in some degree of physical and mental suffering. *See Brown v. Sullivan,* 71 Tex. 470, 476, 10 S.W. 288, 290 (1888). Furthermore, to support an award for future mental anguish, a plaintiff must demonstrate "a reasonable probability" that he or she will "suffer compensable mental anguish in the future." *Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 917 (Tex. 2008).

In the case at bar, the evidence produced by the Salinas children was that they feared riding in a car and they checked on their mother to make sure she was unharmed. However, we do not have evidence that they no longer rode in cars or that the "checking up" on their mother had resulted in such a disruption in their lives that they were experiencing behavioral problems at school. Nor, did anyone testify from the children's school that their behavior had become so disruptive to be considered "substantial." Therefore, we do not find for the Salinas children on this issue.

*Jury Question 7(a) – Physical Pain and Mental Anguish Sustained in the Past for Leeandra Vasquez*

In regards to Leeandra, the appellate brief contends she was horrified by the "wreck" and suffered tremendous fear. For the most part, Leeandra is "lumped" in with the Salinas children concerning specific incidents of mental anguish. Nothing more is specifically argued concerning her or what facts showed the nature, duration, and

8

severity of her mental anguish, thereby failing to establish a substantial disruption in her daily routine. Therefore, we find that the argument has been inadequately briefed. An appellate brief must contain a clear and concise argument for the contentions made with appropriate citations to authority and the record. TEX. R. APP. P. 38.1(h). When it does not do so, the complaint is inadequately briefed and presents nothing for review. *Mayhew v. Dealey*, 143 S.W.3d356, 368 (Tex. App.–Dallas 2004, pet. denied).

> *Jury Question 8(a) Physical Pain and Mental Anguish Sustained in the Past for Erica Madrigal*

In regards to Erica Madrigal, we find that the jury awarded zero damages to the questions asking for an award of damages for (a) physical pain and mental anguish sustained in the past, (b) physical pain and mental anguish that, in reasonable probability, Erica will sustain in the future, (g) physical impairment sustained in the past, and (h) physical impairment that, in reasonable probability, Erica will sustain in the future. However, because she has generally been included with appellants' argument concerning the other children, the only contentions we find specifically addressing Erica are the following: "[i]n addition, Erica Madrigal also suffered mental anguish," her "daily routine was affected by the car wreck," and "due to her lower back being injured, Erica could not participate in any strenuous activities for several months."

However, nothing more than conclusory statements regarding her mental anguish were given. And, no explanation is given as to her inability to participate in strenuous activity. For example, was her disability based on a doctor's order or assessment, or was this due to the pain she was experiencing? Again, we find that these issues were inadequately briefed. *See Mayhew v. Dealey, supra.*

9

Accordingly, we reverse and remand for a new trial that portion of the trial court's judgment concerning Brandy Salinas and affirm the remainder of the trial court's judgment.

Per Curiam