NO.  07-09-0260-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                          NOVEMBER
29, 2010

 

                                            ______________________________

 

 

BRANDY SALINAS, Individually and as
Next Friend of ALEXANDRIA MILBECK, MAKAYLA SALINAS, and VALERIE SALINAS; ANNA
MADRIGAL, Individually 

and
as Next Friend of ERICA MADRIGAL; and STEPHANIE VASQUEZ, 

Individually and as Next Friend of LEEANDRA
VASQUEZ,

 

                                                                                                                                    Appellants

                                                                             v.

 

                TOMMIE ALLEN and DESIGN TRANSPORTATION SERVICES, INC., 

 

                                                                                                                                    Appellees

                                         _________________________________

 

                      FROM THE 72nd DISTRICT
COURT OF LUBBOCK COUNTY;

 

                            NO. 2007-540,523;
HON. RUBEN REYES, PRESIDING

                                           _______________________________

 

Memorandum
Opinion

_______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            This appeal arises from a judgment
entered by the trial court based on the jury finding that no damages should be
awarded for physical pain, physical disfigurement or mental anguish to Brandy
Salinas, individually and as next friend of Alexandria Milbeck,
Makayla Salinas, and Valerie Salinas; Anna Madrigal,
individually and as next friend of Erica Madrigal; and Stephanie Vasquez,
individually and as next friend of Leeandra Vasquez (collectively
referred to as Salinas) resulting from an auto accident involving Tommie Allen
and Design Transportation Services, Inc. (collectively referred to as
Allen).  Via a single issue, Salinas
contends the trial court erred by failing to grant their motion for new trial.  We affirm in part, reverse and remand in
part.

Background

            After attending a movie at the
drive-in, Brandy Salinas was driving her three daughters, (Alex, Makayla and Valerie) and their friends, (Erica and Leeandra) back to Brandy’s house.  A truck operated by Tommie Allen and owned by
Design Services, Inc. had stopped at a stop sign.  He had begun to pull out when Brandy,
traveling approximately fifty-five miles an hour, attempted to stop but hit the
back of the truck.  All passengers were
taken to the hospital and Brandy received seventeen stitches in her
forehead.  After the accident, all of the
children involved continued to be afraid and upset which resulted in
nightmares.  After a jury trial was held,
the trial court rendered a judgment for medical expenses only to the plaintiffs
and zero damages for past and future pain and suffering, mental anguish and
past and future disfigurement.  Salinas,
now, appeals.  

Issue – New Trial

            Salinas
argues that the trial court abused its discretion in failing to grant a new
trial because the jury’s finding assessing zero damages for physical pain,
physical disfigurement and mental anguish are against the great weight and
preponderance of the evidence and are manifestly unjust.  We agree and sustain the issue in regards to
Brandy.  We overrule as to the children.

Standard
of Review

We review a trial court's denial of a
motion for new trial for an abuse of discretion.  See Cliff
v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838-39
(Tex. 2004).

In In re Columbia Medical Ctr. of Las Colinas, Subsidiary, L.P, 290
S.W.3d 204, 211 (Tex. 2009), the Supreme Court held that “[i]f
a court of appeals affirms a challenged jury verdict as being supported by
factually sufficient evidence, the court need not detail all the evidence in
support of the verdict . . . .  But if
the court holds that the verdict is not supported by factually sufficient
evidence and effectively sets aside the jury verdict by reversing the trial court's
judgment, the court must detail all the relevant evidence and explain how it
outweighs evidence supporting the verdict or how the verdict is so against the
great weight and preponderance of the evidence that it is manifestly unjust.”  Id.;
see Citizens Nat'l Bank in Waxahachie v.
Scott, 195 S.W.3d 94, 96 (Tex. 2006) (holding that an appellate court may
not reverse a lower court judgment by “merely saying that the court has
reviewed all the evidence and reach[ed] a conclusion
contrary to that of the trier of fact” but must
explain with specificity why it has substituted its judgment for that of the
trial court).

The standards by which trial judges
and appellate judges may set aside or overturn a jury verdict are
different.  The Rules of Civil Procedure
afford a trial court considerable discretion to set aside a jury verdict, even
on its own motion.  See Tex. R. Civ. P.
320.  Appellate judges have much less
discretion because they are limited to the issues urged and record presented by
the parties and because appellate courts are specifically limited to reversing
judgments only for errors that probably resulted in entry of an improper
judgment or precluded a party from properly presenting its case on appeal.  See
Tex. R. App. P.  44.1; see
also Tex. R. App. P. 61.1; but see Living Ctrs.
of Tex., Inc. v. Peñalver, 256 S.W.3d 678, 681
(Tex. 2008) (noting that no harm analysis is required for certain incurable
jury argument); In re J.F.C., 96
S.W.3d 256, 291 (Tex. 2002) (noting that a harm analysis is not conducted for
jurisdictional fundamental-error review). 
And, of course there are differences between the review that can be
accomplished by appellate judges who have only the record to consider and trial
judges who have seen the parties and witnesses and sensed the affect of certain
evidence or occurrences on the trial. 
Nevertheless, there is no meaningful difference to the parties between an
appellate court reversing a judgment based on a jury verdict and a trial court
setting the verdict aside or disregarding it. 
The end result is that the prevailing party loses the jury verdict and
the judgment, or potential judgment, based on it.  We, now, turn to the issue before us.

Application
of Law to Brandy Salinas

In the motion for new trial, Brandy
challenged the sufficiency of the evidence to support the jury's verdict.  Specifically, she directly challenges the
jury’s answers to questions 3(a), 3(b) and 3(c).  Those questions asked “what sum of money, . . . would fairly and reasonably compensate BRANDY
SALINAS for her injuries,” for (a) physical pain and mental anguish sustained
in the past, (b) disfigurement sustained in the past and (c) disfigurement
sustained in the future.  The jury
awarded zero damages.   

Whether a damage award is manifestly too
small or too large, in other words, whether the award is inadequate or
excessive, is generally determined by a review of the sufficiency of the
evidence to support the verdict.  See Larson v. Cactus Utility Co., 730
S.W.2d 640, 641 (Tex. 1987) (sufficiency of the evidence review by trial court
and appellate court); see also Maritime Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998) (factual sufficiency
review for excessive damages); Marshall
v. Superior Heat Treating Co., 826 S.W.2d 197, 200 (Tex. App.–Fort Worth 1992, no writ) (factual
sufficiency review for zero damages award); Roberts
v. Tatum, 575 S.W.2d 138, 140-41 (Tex. Civ. App.–Corpus Christi 1978, writ ref'd n.r.e.).   

Jury
Question 3(a) Physical Pain in the Past

The damages fall within two broad
categories when someone suffers personal injuries.  They are “economic and non-economic
damages.”  Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 763 (Tex.
2003).  “Traditionally, economic damages
are those that compensate an injured party for lost wages, lost earning
capacity, and medical expenses.”  Id. 
And, “[n]on-economic
damages include compensation for pain, suffering, mental anguish, and
disfigurement.”  Id.  Moreover,
“[t]he process of awarding damages for amorphous, discretionary injuries such
as mental anguish or pain and suffering is inherently difficult because the
alleged injury is a subjective, unliquidated, nonpecuniary loss.”  HCRA of Tex., Inc. v.
Johnston, 178 S.W.3d 861, 871 (Tex. App.–Fort Worth 2005, no pet.). 
When the existence of some pain, mental anguish and disfigurement has
been established, “there is no objective way to measure the adequacy of the
amount awarded as compensation, which is generally left to the discretion of
the fact finder.”  Pentes Design, Inc. v. Perez,
840 S.W.2d 75, 80 (Tex. App.–Corpus
Christi 1992, writ denied).  Physical
pain and suffering may be established by circumstantial evidence.  Johnston,
178 S.W.3d at 871. 
“The duration of the pain . . . is an important consideration.”  Id.
 The fact finder “is given a great deal
of discretion in awarding an amount of damages it deems appropriate for pain
and suffering.”  Id.

Here, Brandy testified that her “head
hit the steering wheel,” “someone put something on [her] head,” she received
“seventeen” stitches in her forehead, and she “had a lot of soreness and
bruising.”  She, further, testified that
she had twisted her foot or ankle when “[she] slammed on the brake . . . and it
was . . .  swollen,” she “had a lot of
headaches” that “went on for several months after,” and she took prescription medications
for the headaches.  Furthermore, Brandy
introduced her medical records and pictures of the stitches she received in her
forehead.  This evidence does not dispute
the existence of Brandy's actual injuries. 
Furthermore, the jury could not ignore uncontroverted evidence by
completely denying recovery.  See Thomas v. Oil & Gas
Bldg., Inc., 582 S.W.2d 873, 881 (Tex. Civ. App.–Corpus Christi 1979, writ ref'd n.r.e.).  The
jury's finding of zero damages for past physical pain was against the great
weight and preponderance of the evidence. 
See Monroe v. Grider,
884 S.W.2d 811, 820 (Tex. App.–Dallas
1994, writ denied).  Furthermore, uncontroverted
evidence of an objective injury does not always require mental anguish
damages.  See Elliot v. Dow, 818 S.W.2d 222,
224-25 (Tex. App.–Houston [1st
Dist.] 1991, no writ).  However,
in this case, the trial court submitted damages for physical pain and mental
anguish in one issue.  Because the trial
court submitted the two types of damages together, we find the jury's finding
of no damages for past physical pain and mental anguish is against the great
weight and preponderance of the evidence. 
We sustain Brandy’s issue regarding pain and mental anguish in the past.           

Because we have sustained Brandy’s
issue regarding past physical pain and mental anguish and granted her a new trial,
we need not address her remaining issues. 
This is so because the granting of the new trial is on all issues contested, both damages and liability.  See Vinson & Elkins v. Moran, 946 S.W.2d 381, 411 (Tex. App.–Houston [14th Dist.] 1997, writ dism’d by agr.) (holding that a new trial is required for liability as well
as damages because a separate trial on unliquidated
damages alone is improper if liability issues are contested); see also Tex. R. Civ. P. 320.

Jury Questions 4(a), 5(a), 6(a) –
Physical Pain and Mental Anguish in the Past for the Salinas Children

 

The above referenced jury questions
asked the jury to award damages for “physical pain and mental anguish sustained
in the past” for Alexandria Melbeck, Makayla Salinas and Valerie Salinas.  The Salinas children contend that the trial
court erred by failing to grant a new trial because the evidence showed they
were “horrified by the wreck,” they “suffered tremendous fear and mental
anguish at the time of the wreck,” “Makayla [] would
not let her mother out of sight,” Makayla “would cry
in the morning when her mother would drop her off for school,” all of the
children “feared riding in a car for several months following the wreck,” and,
the mother would be called by a child from school to make sure she was okay,
which disrupted their daily routine.  For
the following reasons, we disagree and overrule the issue.  

To support an award of mental anguish
damages, the plaintiff's evidence must describe “the nature, duration, and severity
of their mental anguish, thus establishing a substantial disruption in the
plaintiffs' daily routine.”  See Fifth Club, Inc. v. Ramirez, 196
S.W.3d 788, 797 (Tex. 2006) (quoting Parkway
Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex.1995)).  The Texas Supreme Court has held that “some
types of disturbing or shocking injuries have been found sufficient to support
an inference that the injury was accompanied by mental anguish.”  Parkway,
901 S.W.2d at 445.  
For example, as early as 1888, the Texas Supreme Court recognized that
serious bodily injury "involving fractures, dislocations, etc., and results
in protracted disability and confinement to bed" necessarily resulted in
some degree of physical and mental suffering. 
See Brown v. Sullivan, 71 Tex.
470, 476, 10 S.W. 288, 290 (1888).  Furthermore,
to support an award for future mental anguish, a plaintiff must demonstrate “a
reasonable probability” that he or she will “suffer compensable mental anguish
in the future.”  Adams v. YMCA of San Antonio, 265 S.W.3d
915, 917 (Tex. 2008).

In the case at bar, the evidence
produced by the Salinas children was that they feared riding in a car and they
checked on their mother to make sure she was unharmed.  However, we do not have evidence that they no
longer rode in cars or that the “checking up” on their mother had resulted in
such a disruption in their lives that they were experiencing behavioral
problems at school.  Nor, did anyone
testify from the children’s school that their behavior had become so disruptive
to be considered “substantial.” 
Therefore, we do not find for the Salinas children on this issue.

Jury Question 7(a) – Physical Pain and
Mental Anguish Sustained in the Past for Leeandra
Vasquez

 

In regards to Leeandra,
the appellate brief contends she was horrified by the “wreck” and suffered
tremendous fear.  For the most part, Leeandra is “lumped” in with the Salinas children
concerning specific incidents of mental anguish.  Nothing more is specifically argued
concerning her or what facts showed the nature, duration, and severity of her mental
anguish, thereby failing to establish a substantial disruption in her daily
routine.  Therefore, we find that the
argument has been inadequately briefed.  An
appellate brief must contain a clear and concise argument for the contentions
made with appropriate citations to authority and the record. Tex. R. App. P. 38.1(h).  When it does not do so, the complaint is
inadequately briefed and presents nothing for review. Mayhew v. Dealey,
143 S.W.3d356, 368 (Tex. App.–Dallas
2004, pet. denied).  

Jury Question 8(a) Physical Pain and
Mental Anguish Sustained in the Past for Erica Madrigal

 

In regards to Erica Madrigal, we find
that the jury awarded zero damages to the questions asking for an award of damages
for (a) physical pain and mental anguish sustained in the past, (b) physical
pain and mental anguish that, in reasonable probability, Erica will sustain in
the future, (g) physical impairment sustained in the past, and (h) physical
impairment that, in reasonable probability, Erica will sustain in the
future.  However, because she has generally
been included with appellants’ argument concerning the other children, the only
contentions we find specifically addressing Erica are the following: “[i]n addition, Erica Madrigal also suffered mental anguish,”
her “daily routine was affected by the car wreck,” and “due to her lower back
being injured, Erica could not participate in any strenuous activities for
several months.”  

However, nothing more than conclusory statements regarding her mental anguish were
given.  And, no explanation is given as
to her inability to participate in strenuous activity. For example, was her
disability based on a doctor’s order or assessment, or was this due to the pain
she was experiencing?  Again, we find
that these issues were inadequately briefed. 
See Mayhew v. Dealey,
supra.

            Accordingly,
we reverse and remand for a new trial that portion of the trial court’s
judgment concerning Brandy Salinas and affirm the remainder of the trial
court’s judgment.

                                                                        Per
Curiam